(No. 4585—

ORVILLE G. HOLLERBACH, Claimant, vs. STATE OF ILLINOIS, Respondent.

Opinion filed December 9, 1955.

JONES, OTTESEN AND FLEMING, Attorneys for Claimant.

LATHAM CASTLE, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

FEARER, J.

Orville G. Hollerbach filed his complaint in this Court on November 5, 1953 seeking recovery of $134.00 for expenses incurred, in accordance with exhibit A, attached to the complaint and made a part thereof, while an employee of the Department of Public Safety as a Driver's License Examiner.

The expenses were incurred while taking a training course in Springfield preparatory to becoming a Driver's

License Examiner under said Department, the period of time covered being from June 7 to June 19, 1953, inclusive.

No answer having been filed by respondent, Rule 11 of this Court is applicable, and a general traverse or denial of the facts set forth in the complaint shall be considered as filed.

An order was entered by this Court on May 25, 1954 waiving the filing of a brief and argument by respondent.

The only testimony offered at the time of the hearing on February 23, 1954 was that of claimant. He testified to his employment as a Driver's License Examiner Trainee during the periods heretofore mentioned, and his submission of expenses to the Department immediately after the training program. He stated that the statement covering his expenses was lost, and, after he resubmitted his expense sheet, he was advised by Mr. Phil M. Brown, Superintendent of the Department of Public Safety, to the effect that the Department was returning the travel and expense sheet as they had been submitted too late for payment. The funds had lapsed as of September 30, 1953, and the travel expense voucher was not received until October 5, 1953. Further, the Driver's License Department was no longer a part of the Department of Public Safety, but had been transferred to the Secretary of State's Office; and, also, had it been submitted earlier it would have been honored. This is set forth in exhibit B, attached to the complaint and made a part thereof.

At the time of the trial respondent did not offer any testimony other than a Departmental Report, dated November 19, 1953, and written by Mr. David Maloney. The pertinent part of the Departmental Report, being

in answer to the complaint filed in this case, is to the effect that under paragraph 2 it is stated that a travel voucher was mailed on or about June 27, 1953, along with some reports, which was contrary to regulations, as it should have been sent in under separate cover. It was never received by the Department, and the travel voucher marked as exhibit A is not the way that the original voucher was submitted, as it calls for more money. Claimant was advised by the Department that the original voucher was not received, and that he should submit a duplicate as soon as possible, which claimant did not do. When it was finally submitted in duplicate, it was not in line, as his hotel charges did not agree with the receipts he showed, and the amounts were in excess of those that the Department could pay. In the summary there appears the following: ''There is no doubt in the mind of the writer that claimant, Orville G. Hollerbach, has this money due him. However, the copy marked exhibit A has no regulations set down for us by the Department of Finance.''

There appears to be no conflict in the amount of the expense account as finally submitted, and said amount has not been paid for the reason that the Driver's License Department was transferred from the Department of Public Safety to the Secretary of State, and there were no funds available at the time the matter was finally straightened out and the correct amount arrived at, which would have been due had he submitted the correct travel voucher prior to September 15, 1953 when the change was made in the Driver's License Department.

As the record now stands, it appears that funds were available at the time that the travel voucher was first submitted, and, because the original was lost, there

would be no justification for denying claimant his right to recover his actual expenditures, which appear to be reasonable.

An award is, therefore, made by this Court in favor of claimant in the amount of $134.00.